By: Bryan Konoski, Esq. (BK 7563)
TREYVUS & KONOSKI, P.C.
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832
bkonoski@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x  DKT#:
BRIDGET HAYMON,

                           Plaintiff,                              **COMPLAINT**

                 - against -                         **JURY TRIAL DEMANDED**

MIDDLESEX COUNTY, MIDDLESEX COUNTY     **VIA ECF**
SHERIFF'S OFFICE, SHERIFF'S OFFICER
LAWRENCE MADIGAN, SHERIFF'S OFFICER
"JOHN DOE" #1-10, individually and in their official
capacities (the name John Doe being fictitious as the true
names are presently unknown).

                           Defendants.
-----------------------------------------------------------------------x

      Plaintiff, BRIDGET HAYMON, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New Jersey and the United States.

## JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, BRIDGET HAYMON, was at all relevant times a United States citizen and a resident of the town of South Amboy, in the State of New Jersey.

7. MIDDLESEX COUNTY, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

8. MIDDLESEX COUNTY, maintains the MIDDLESEX COUNTY SHERIFF'S OFFICE, a duly authorized public authority and/or Sheriff's Office, authorized to perform all functions of a Sheriff's Office as per the applicable sections of the New Jersey Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, MIDDLESEX COUNTY.

9. At all times hereinafter mentioned, the individually named defendants, SHERIFF'S OFFICER LAWRENCE MADIGAN, and SHERIFF'S OFFICER "JOHN DOE" #1-10, were duly Sheriff's officers of the MIDDLESEX COUNTY SHERIFF'S OFFICE and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey and/or MIDDLESEX COUNTY.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, MIDDLESEX COUNTY SHERIFF'S OFFICE and/or MIDDLESEX COUNTY.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, MIDDLESEX COUNTY SHERIFF'S OFFICE and/or MIDDLESEX COUNTY.

13. The MIDDLESEX COUNTY SHERIFF'S OFFICE is a duly authorized public authority which is authorized to perform all functions of a Sheriff's Office as per the applicable sections of the New Jersey Criminal Procedure Law, and which provides Court security at the municipal courthouses, including the Middlesex County Courthouse and the Middlesex County Family Court.

14. The headquarters of the MIDDLESEX COUNTY SHERIFF'S OFFICE is located at 701 Livingston Avenue, New Brunswick, NJ, 08901.

15. At all times hereinafter mentioned, the individually named defendants, SHERIFF'S OFFICER LAWRENCE MADIGAN, and SHERIFF'S OFFICER "JOHN DOE" #1-10, were duly sworn Sheriff's Officers of the MIDDLESEX COUNTY SHERIFF'S OFFICE and were acting under the supervision of said office and according to their official duties.

16. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of MIDDLESEX COUNTY and/or the State of New Jersey.

17. Each and all of the acts of the defendants alleged herein, including the individually named defendant Sheriff's Officers and the MIDDLESEX COUNTY SHERIFF'S OFFICE, were done by said defendants while acting within the scope of their employment by defendant, MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE.

18. Each and all of the acts of the defendants alleged herein, including the individually named defendant Sheriff's Officers and the MIDDLESEX COUNTY SHERIFF'S OFFICE, were done by said defendants while acting in furtherance of their employment by defendant, MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE.

## FACTS

19. On August 1, 2012, the Plaintiff was attending a Court hearing at the Middlesex County Family Court, located in MIDDLESEX COUNTY.

20. On August 1, 2012, the individually named Defendants, SHERIFF'S OFFICER LAWRENCE MADIGAN and SHERIFF'S OFFICER "JOHN DOE" #1-10, were assigned to work at the Middlesex County Family Court by the Defendant, MIDDLESEX COUNTY SHERIFF'S OFFICE.

21. The Plaintiff exited a Courtroom at the Middlesex County Family Court and was attempting to leave the Courthouse when Defendant SHERIFF'S OFFICER LAWRENCE MADIGAN called the Plaintiff back into the Courtroom.

22. As the Plaintiff returned, SHERIFF'S OFFICER LAWRENCE MADIGAN grabbed her arm without a legitimate or legal reason or basis. In response, the Plaintiff pulled her arm away. Then, without privilege, consent, or justification, SHERIFF'S OFFICER LAWRENCE MADIGAN grabbed the Plaintiff, threw her to the ground, jumped on top of her, handcuffed her and arrested her.

23. SHERIFF'S OFFICER LAWRENCE MADIGAN filed a report indicating that the Plaintiff had assaulted him. However, this report was false.

24. The Plaintiff was arrested, taken into custody, and charged with criminal conduct, including Assault. However, the Plaintiff did not assault SHERIFF'S OFFICER LAWRENCE MADIGAN and did not engage in any criminal conduct whatsoever.

25. The Plaintiff was assaulted and arrested without any probable cause, privilege, or consent.

26. SHERIFF'S OFFICER "JOHN DOE" #1-10 were in a position to observe, intervene, and prevent the assault, false arrest, and civil rights violation perpetrated by SHERIFF'S OFFICER LAWRENCE MADIGAN against the Plaintiff. However, SHERIFF'S OFFICER "JOHN DOE" #1-10 failed to intervene to prevent the deprivation of the Plaintiff's constitutional rights despite having ample opportunity to intervene.

27. After the Plaintiff was arrested, an investigation was conducted by law enforcement and/or the Middlesex County Prosecutor's Office. At the conclusion of the investigation it was determined that SHERIFF'S OFFICER LAWRENCE MADIGAN had engaged in misconduct. SHERIFF'S OFFICER LAWRENCE MADIGAN was arrested and criminally charged. The charges brought against SHERIFF'S OFFICER LAWRENCE MADIGAN include: submitting a false report, false swearing, tampering with public records, and simple assault against the Plaintiff.

28. SHERIFF'S OFFICER LAWRENCE MADIGAN was suspended from the MIDDLESEX COUNTY SHERIFF'S OFFICE without pay.

29. As a result of the foregoing, the plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish,

embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Sheriff's Officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Sheriff's Officers, pursuant to the customs, usages, practices, procedures and rules of MIDDLESEX COUNTY and/or the State of New Jersey and/or the MIDDLESEX COUNTY SHERIFF'S OFFICE, all under the supervision of ranking officers of the MIDDLESEX COUNTY SHERIFF'S OFFICE.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein. That the level of force employed by defendants was objectively unreasonable and in violation of the plaintiff's constitutional rights.

37. As a result of the foregoing, the plaintiff suffered multiple bodily injuries, including contusions, back pain, substantial pain and suffering, mental anguish, and psychological injury.

38. As a result of the foregoing, the plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of her constitutional rights.

## THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. As a result of the defendant's aforementioned conduct, the plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

41. That the detention of the plaintiff by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

42. As a result of the foregoing, the plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish,

embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of her constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against plaintiff.

50. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in plaintiff's favor when all criminal charges against her were dismissed.

51. As a result of the foregoing, the plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants issued legal process to detain the plaintiff and subject her to violations of her constitutional rights, including an illegal and unlawful arrest, malicious prosecution, and to excessive force.

54. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

55. Defendants acted with intent to do harm to the plaintiff without excuse or justification.

56. As a result of the foregoing, the plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of her constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants subjected the Plaintiff to violations of her civil rights, including excessive force, false arrest, and malicious prosecution.

59. The acts complained of were carried out by the aforementioned defendants in their capacities as Sheriff's Officers and officials with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Sheriff's Officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of MIDDLESEX COUNTY all under the supervision of ranking officers of the MIDDLESEX COUNTY SHERIFF'S OFFICE.

61. The aforementioned customs, polices, usages, practices, procedures, and rules of MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE, include but are not limited to the following unconstitutional practices:

   (a) Failing to properly train;

   (b) Failing to supervise Sheriff's Officers;

   (c) Subjecting persons to violations of their constitutionally protected rights;

   (d) Subjecting persons to the excessive use of force;

   (e) Subjecting persons to false arrest and malicious prosecution.

62. The foregoing customs, policies, usages, practices, procedures and rules of the MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

63. The foregoing customs, policies, usages, practices, procedures and rules of the MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which MIDDLESEX COUNTY and the MIDDLESEX COUNTY SHERIFF'S OFFICE are liable.

## DAMAGES AND RELIEF REQUESTED

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. Not to be subjected to excessive force;

    C. To be free from arrest not based upon probable cause;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. To receive equal protection under the law.

67. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action; and

## PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW JERSEY STATE LAW
### VIOLATION OF NEW JERSEY CIVIL RIGHTS

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. At all times herein mentioned, defendants MIDDLESEX COUNTY, MIDDLESEX

COUNTY SHERIFF'S OFFICE, SHERIFF'S OFFICER LAWRENCE MADIGAN, and SHERIFF'S OFFICER "JOHN DOE" #1-10, deprived, interfered with, and/or attempted to interfere with plaintiff's exercise and/or enjoyment of her substantive due process, equal protection rights, and privileges and immunities secured by the United States Constitution and/or laws of the United States and/or the State of New Jersey, in violation of N.J.S.A. 10:6-2.

70. As a direct and proximate result of the violation of their civil rights guaranteed under N.J.S.A. 10:6-2, plaintiff suffered general and specific damages as set forth in this complaint.

71. The civil rights violations were committed by all of the defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by the defendant's actions.

72. Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15 -5.10 et-seq.

## SECOND CLAIM FOR RELIEF UNDER NEW JERSEY STATE LAW
### *ASSAULT*

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendant, SHERIFF'S OFFICER LAWRENCE MADIGAN, intended to cause and/or to place the Plaintiff in fear or apprehension of harmful or offensive contacts with Plaintiff's person.

75. Plaintiff was placed in great fear and apprehension of harmful and offensive contacts with her person.

76. Plaintiff was placed in fear and apprehension that the actions of SHERIFF'S OFFICER LAWRENCE MADIGAN would cause her to become injured or falsely arrested.

77. At no time did the Plaintiff consent to any of the acts of SHERIFF'S OFFICER LAWRENCE MADIGAN.

78. With respect to this cause of action, SHERIFF'S OFFICER LAWRENCE MADIGAN is being sued in his individual capacity.

79. SHERIFF'S OFFICER LAWRENCE MADIGAN committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

### THIRD CLAIM FOR RELIEF UNDER NEW JERSEY STATE LAW
*BATTERY*

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant, SHERIFF'S OFFICER LAWRENCE MADIGAN, intended to make harmful or offensive contact with the Plaintiff's person.

82. Plaintiff was subjected to a harmful and offensive contact with her person as a result of the actions of SHERIFF'S OFFICER LAWRENCE MADIGAN.

83. At no time did the Plaintiff consent to any of the acts of SHERIFF'S OFFICER LAWRENCE MADIGAN.

84. With respect to this cause of action, SHERIFF'S OFFICER LAWRENCE MADIGAN is being sued in his individual capacity.

85. SHERIFF'S OFFICER LAWRENCE MADIGAN committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
        January 5, 2013

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832